IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC

2010 FEB -1 P 12: 56

| | |
|---|---|
| Patricia A. Greene, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:08-370-SB |
| v. ) | |
| ) | |
| Michael J. Astrue, Commissioner ) | **ORDER** |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon Plaintiff's counsel's motion for attorney's fees and costs, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Specifically, Plaintiff's counsel seeks attorney's fees in the amount of $4,941.19 (which represents 29.7 hours at $166.37 per hour) plus $373.00 in costs and expenses, for a total of $5,314.19. The Defendant opposes the motion and asserts that its position was substantially justified.

Pursuant to EAJA, a party who prevails in litigation against the United States is entitled to an award of attorney's fees and costs upon timely petition, as long as the government's position was not "substantially justified" and no special circumstances make such an award unjust. Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991). In evaluating a request for attorney's fees and costs pursuant to EAJA, the government bears the burden of proving that its position was substantially justified, and to meet its burden, the government must establish that its case has a reasonable basis in both law and fact. "In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a

substantially unjustified position on the facts." Thompson v Sullivan, 980 F2d 280, 281 (4th Cir. 1992). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness." Pierce v. Underwood, 487 U.S. 552, 566 (1988). However, "a position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at n. 2.

The government's burden of showing substantial justification is a strong one, and it is not met merely because the government produces "some evidence" in support of its position. Petrella v. Sec. of Health & Human Servs., 654 F.Supp. 174, 177 (M.D. Pa. 1987) (citing Washington v. Heckler, 756 F.2d 959, 961 (3d Cir. 1985)). In evaluating the government's position, courts must do so in light of the standards in existence when the decision was rendered. Id. Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified. Randolph v. Sullivan, 738 F.Supp. 305, 306 (C.D.Ill. 1990). The test of reasonableness represents a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous. Sierra Club v. Sec. of Army, 820 F.2d 513, 518 (1st Cir. 1987) (internal citations and quotations omitted).

After a thorough review of the record, the Court cannot find that the Defendant's position was substantially justified, based on the Commissioner's failure to properly consider the Plaintiff's credibility and her residual functional capacity in light of all of the evidence. Accordingly, the Court finds that Plaintiff's counsel is entitled to an award of attorney's fees and costs pursuant to EAJA. The Court finds that counsel's request for

attorney's fees in the amount of $4,941.19 (which represents 29.7 hours at $166.37 per hour) plus $373.00 in costs and expenses is reasonable.

Therefore, based on the foregoing, it is

**ORDERED** that Plaintiff's counsel's motion for attorney's fees (Entry 27) is granted, and Plaintiff's counsel is awarded $4,941.19 in attorney's fees plus $373.00 in costs and expenses, for a total of $5,314.19.

**AND IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

February 1, 2010
Charleston, South Carolina

#3